## Dover Corporation v. First Wisconsin Mortgage Trust, and North American Mortgage Investors, Appellants, Town of Dover, Trustee

[425 A.2d 97]

No. 259-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed December 9, 1980

*Allan R. Keyes, John D. Carbine,* and *Thomas M. Dowling* of *Ryan Smith & Carbine, Ltd.,* Rutland, for Plaintiff.

*Keyser, Crowley, Banse & Kenlan, Inc.,* Rutland, for Defendants.

**Hill, J.** Plaintiff, Dover Corporation, purchased the Mt. Snow ski area from defendants for a specific amount, subject to certain closing adjustments. The parties agreed to prorate the sewage taxes for the taxable year 1977 as of the date of closing.

Plaintiff received a title certificate from a local attorney noting, correctly, that the taxable year for sewage assess-

ments ran from January 1, 1977, to December 31, 1977. At the closing, however, defendants' agent represented that the sewage taxes had been paid in full for the fiscal year April 1, 1977, to March 31, 1978. Based on this understanding, the sewage taxes were prorated so that defendants received a credit for those taxes paid by them for the period from the date of closing, August 10, 1977, to March 31, 1978. The lower court found, however, that the tax year was, as indicated in the title certificate, from January 1, 1977, to December 31, 1977. The court further found that the payment made by defendants was for the period January 1, 1977, to June 30, 1977. Based on the conclusion that defendants had been unjustly enriched, the court rendered judgment for plaintiff. From this judgment defendants appeal. We affirm.

Defendants challenge the court's conclusion that plaintiff was mistaken as to the proper taxable year. They argue that the knowledge of plaintiff corporation controls the issue of mistake and that the court's finding that plaintiff had received the correct facts before the closing adjustment precluded a claim of mistake.

The knowledge which may have been imputed to plaintiff's agent is not, however, the issue. "[A] mistake is an unintentional act or omission arising from ignorance, surprise, imposition or misplaced confidence, and it exists when a person under some erroneous conviction of law or fact does or omits to do some act which, but for the erroneous conviction, he would not have done or omitted." *Ward* v. *Lyman*, 108 Vt. 464, 472, 188 A. 892, 896 (1937). See also Restatement of Restitution § 6 (1937). Certainly here we have an example of misplaced confidence in the mistaken opinion of defendants' agent. We find no error.

Defendants further argue that the trial court abused its discretion in granting relief despite plaintiff's lack of care and vigilance. The restitution requested is based on a mutual mistake of fact. But negligence of the party injured should not prevent a court from correcting it. *Ward* v. *Lyman, supra.* See also Restatement of Restitution § 59 (1937). Whether a mistake is to be corrected depends upon the circumstances of the case. Here defendants were found to be unjustly enriched

and plaintiff alone would suffer injury if relief were not granted. We think the case affords a solid ground for relief.

Defendants further allege the relief granted was improper in amount. The trial court awarded $19,620.58 plus interest, reflecting the credits given defendants because of the mutual mistake as to the taxable year. We find no error.

Lastly defendants claim that the trial court erred in finding that the parties agreed that the tax year runs from January 1 to December 31. Even if the parties never actually concurred with the conclusion, the trial court's other findings indicate that a possible misuse of the word "agrees" is harmless error.

*Judgment affirmed.*